Kim Davis
Kdavis@nw-attorneys.com
1415 Commercial St. SE
Salem, OR 97302
Tel: (503) 399-7001
Fax: (503) 399-0745
Of Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF OREGON

#### Pendleton Division

| | |
|---|---|
| RICHARD BOWE, an individual, | Case No. |
| Plaintiffs, | **COMPLAINT** |
| v. | **Claims for violations of Overtime Compensation provisions, Minimum Wage violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 206, 207, 216(b), et al; State law claims for Unpaid Overtime Wages, Minimum Wage Violation, and Owing Upon Termination of Employment, ORS 652.140, ORS 652.150, ORS 652.200 ORS 653.025, ORS 653.055, ORS 653.261, 659A.199, 659A.030, 659A.885 et al; Wrongful Discharge in Violation of Public Policy** |
| SKYLINERS MHP, LLC; & ANDREW LONG, an individual, | |
| Defendants. | |
| | **(Demand for Jury Trial)** |

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

Plaintiff alleges:

## PRELIMINARY STATEMENT

### 1.

Plaintiff Richard Bowe (hereinafter referred to as "plaintiff") asserts claims for minimum wage and hour violations, including overtime compensation violations, under the Fair Labor Standards Act (hereinafter referred to as "FLSA"), 29 U.S.C. §§ 207, 216(b), et al.  Plaintiff also asserts claims for minimum wage and hour violations, including overtime compensation violations, and failure to timely pay wages due and owing upon termination of employment, under Oregon state law, ORS 652.140, ORS 652.150, ORS 653.261, et al. Further, plaintiff asserts claims for whistleblower retaliation, retaliation for opposing an unlawful practice, and wrongful discharge under Oregon state law, ORS 659A.199, ORS 659A.030, et al.  Plaintiff demands a jury trial.  The allegations set forth below apply to "all times relevant" without regard to whether those allegations are set forth in the present or past tense.

## JURISDICTION

### 2.

This court has jurisdiction over the subject matter of this civil action pursuant to 28 U.S.C. § 1331, which gives district courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States.  This Court has supplemental jurisdiction over plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  Plaintiff's state law claims are so closely related to his federal law claims that they form part of the same case or controversy under Article III of the United States Constitution.

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

VENUE

3.

Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in Harney County, Oregon.  Plaintiff was a resident of Burns, Oregon.  Defendant Skyliners MHP is an Oregon limited liability corporation with its principal place of business located in Harney County, Oregon.

4.

At all times relevant, Skyliners MHP, LLC employed plaintiff at its principal place of business in Burns, Oregon, and conducted regular, substantial, and sustained business activity in the State of Oregon, including but not limited to Harney County.

FACTUAL ALLEGATIONS

5.

During the term of plaintiff's employment with Skyliners MHP, LLC (hereinafter referred to as "Skyliners") all of his work was subject to the requirements of the FLSA and Oregon's state wage and hours laws.  Skyliners is in the business of operating mobile home parks.  Plaintiff was engaged in commerce for purposes of the FLSA, and worked on or otherwise handled goods moving in interstate commerce.  Upon information and belief, Skyliners enjoyed a gross income exceeding $500,000.  Skyliners was an employer for purposes of the FLSA and Oregon state wage and hours laws.

//

Page **3** of **14** – Complaint

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

6.

Andrew Long (hereinafter referred to as "Long") is the sole owner of Skyliners. Long acted as manager of the mobile home park where plaintiff was employed. Upon information and belief, Long possesses a controlling interest in, and exercises operational control over all aspects of, that entity. Upon information and belief, he is responsible for, and has ultimate decision-making authority over, the processing of payroll, payroll policy and practices, scheduling, and all other personnel matters (including hiring and firing). Long was plaintiff's employer for purposes of the FLSA and Oregon state wage and hour laws.

7.

In or around April 2016 until May 2017, Plaintiff was employed by Skyliners and Long as a maintenance man for their mobile home park located at 1318 N Broadway Ave, Burns, Oregon, 97720. Upon information and belief, Skyliners and Long set the pay amounts, work hours, determined how and what work was performed and provided the equipment necessary to perform. Upon information and belief, the work performed by plaintiff – maintaining the mobile home park – was integral to the employer's business of running a mobile home park.

8.

From April 2016 to December 2016, plaintiff received a $395 credit towards rent and an $800 flat rate per month as compensation for work performed at the mobile home park, regardless of the hours actually worked. Thereafter, until his termination in May 2017, plaintiff's flat rate was reduced to $600 per month, but continued to receive the $395 credit towards rent. Plaintiff regularly worked in excess of 40 hours a week but received no additional

Page **4** of **14** – Complaint

compensation. Even when Plaintiff worked fewer than 40 hours a week, the fixed rate of

compensation was insufficient to comply with state and federal minimum wage laws.

9.

During the course of his employment, plaintiff performed duties including, but not

limited to, repairing and maintaining plumbing, roofing, drywall, and snow removal. Long

provided plaintiff a list of tasks to complete, provided all of the tools and a maintenance shop

where repairs would be performed. Plaintiff worked on average of eight to ten hours a day,

seven days a week. His typical work day began at 8:00 AM and lasted until dark. Additionally,

plaintiff was on-call during the evenings and was required to respond to emergencies occurring

on the property.

10.

In May 2017, City of Burns officials were sent to investigate a collapsed sewer pipe at

Skyliners. The City officials informed Long and plaintiff that only someone licensed by the

Oregon Construction Contractors Board (OCCB) could legally repair the broken water pipe.

After City officials left, Long told plaintiff to stop talking to city officials and that he talked to

the officials too much. He then instructed plaintiff to fix the pipe. Plaintiff refused stating he is

not OCCB licensed. Long responded by saying to just get it done, or I don't need you. Plaintiff

again refused because he was not licensed. Long responded by stating this isn't working out, and

terminated plaintiff's employment. After terminating plaintiff, Long gave him three hours to

remove his belongings and vacate his home.

//

Page **5** of **14** – Complaint

Law Office of Jon Weiner<br>
1415 Commercial St SE<br>
Salem, OR 97302

## FIRST CLAIM – VIOLATIONS OF FLSA

### Plaintiff Against Skyliners and Long

### (Count 1 – Failure to Pay Overtime Compensation)

11.

Plaintiff incorporates and realleges paragraphs 1 through 10 by this reference.  Pursuant to 29 U.S.C. § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."  Skyliners and Long willfully violated these provisions when they failed to compensate plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per workweek.

12.

Pursuant to 29 U.S.C. § 207, plaintiff is entitled to overtime compensation for the overtime hours worked for which he has not been compensated, in an amount to be determined at trial.  Pursuant to 29 U.S.C. § 216(b), plaintiff is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

/ /

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

**Plaintiff Against Skyliners and Long**

**(Count 2 – Failure to Pay Minimum Wage)**

13.

Plaintiff incorporates and realleges paragraphs 1 through 12 by this reference.  Pursuant to 29 U.S.C. § 206, "Every employer shall pay to each of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, wages at the following rates: . . . not less than" $7.25 per hour effective 2009.  Skyliners and Long willfully violated this provision when they failed to pay plaintiff at least minimum wage for all hours worked.

14.

Pursuant to 29 U.S.C. § 206, plaintiff is entitled to compensation for his unpaid minimum wages, in an amount to be determined at trial.  Pursuant to 29 USC § 216(b), plaintiff is also entitled to an equal amount in liquidated damages in addition to reasonable attorney fees and costs, each in an amount to be determined at trial.

**SECOND CLAIM – VIOLATIONS OF STATE WAGE AND HOUR LAWS**

**Plaintiff Against Skyliners**

**(Count 1 – Failure to Pay Overtime Compensation)**

/ /

/ /

Page **7** of **14** – Complaint

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

15.

Plaintiff incorporates and realleges paragraphs 1 through 14 by this reference.  Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For the full amount of the wages, less any amount actually paid to the employee by the employer; and (b) For civil penalties provided in ORS 652.150."  Pursuant to ORS 653.261 and OAR 839-020-0030, "all work performed in excess of forty (40) hours per week must be paid for at the rate of not less than one and one-half times the regular rate of pay when computed without benefits of commissions, overrides, spiffs, bonuses, tips or similar benefits pursuant to ORS 653.261(1)." Skyliners willfully violated these provisions when it failed to compensate Plaintiff at a rate not less than one and one-half times the regular rate of pay for hours worked in excess of 40 hours per week.

16.

Pursuant to ORS 653.261 and OAR 839-020-0030, plaintiff is entitled to compensation for unpaid overtime, in an amount to be determined at trial.  Pursuant to ORS 653.055 and ORS 652.150, he is also entitled to reasonable attorney fees and costs.

**Plaintiff Against Skyliners**

**(Count 2 – Violation of Minimum Wage Laws)**

17.

Plaintiff incorporates and realleges paragraphs 1 through 16 by this reference.  Pursuant to ORS 653.055: "Any employer who pays an employee less than the wages to which the

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

employee is entitled under ORS 653.010 to 653.261 is liable to the employee affected: (a) For

the full amount of the wages, less any amount actually paid to the employee by the employer;

and (b) For civil penalties provided in ORS 652.150." Pursuant to ORS 653.025, "for each hour

of work time that the employee is gainfully employed, no employer shall employ or agree to

employ any employee at wages computed at a rate lower than . . .[f]or calendar years after 2003,

a rate adjusted for inflation." Oregon minimum wage in 2015 was at the rate of $9.25 per hour,

and beginning July 1, 2016, increased to the rate of $9.75 per hour. Skyliners willfully violated

these provisions when it failed to pay plaintiff minimum wage.

18.

Pursuant to ORS 653.025 and 653.055, plaintiff is entitled to compensation for unpaid

minimum wages, in an amount to be determined at trial. Pursuant to ORS 653.055(4) and ORS

652.220, he is also entitled to her reasonable attorney fees and costs.

**Plaintiff Against Skyliners**

**(Count 3 – Failure to Pay Wages Upon Termination of Employment)**

19.

Plaintiff incorporates and realleges paragraphs 1 through 20 by this reference. Pursuant

to ORS 652.140, an employee is entitled to all wages unpaid and owing at termination of

employment. Pursuant to ORS 652.150, an employee is entitled to payment of those wages and

up to 30 days' penalty wages in addition to reasonable attorney fees and costs (penalty wages

being defined as eight hours pay for each day that wages remain unpaid, subject to a cap of 30

days' penalty wages).

Page **9** of **14** – Complaint

Law Office of Jon Weiner<br>1415 Commercial St SE<br>Salem, OR 97302

20.

At the time of the termination of his employment with Skyliners, plaintiff was owed

unpaid overtime and minimum wage compensation under the FLSA and state wage and hour

laws. That compensation was not timely paid upon termination of his employment as required

under ORS 652.140 and ORS 652.150.

21.

Pursuant to ORS 652.140 and ORS 652.150, plaintiff is entitled to payment of unpaid

overtime compensation, minimum wage compensation, plus 30 days' penalty wages, all in an

amount to be determined at trial. Pursuant to ORS 652.200, plaintiff is also entitled to

reasonable costs and attorney fees.

## THIRD CLAIM – STATE WHISTLEBLOWER RETALIATION

### Plaintiff against Skyliners and Long

22.

Plaintiff incorporates and re-alleges paragraphs 1 through 21 by this reference. Pursuant

to ORS 659A.199(1), it is an unlawful employment practice for an employer to discharge,

demote, suspend or in any manner discriminate or retaliate against an employee with regard to

promotion, compensation or other terms, conditions or privileges of employment for the reason

that the employee has in good faith reported information that the employee believes is evidence

of a violation of a state or federal law, rule or regulation." Skyliners and Long violated this

statute when they retaliated against plaintiff due to reporting what he reasonable believed was

evidence of a violation of a state or federal law, rule or regulation, and discharged him on that

Page **10** of 14 – Complaint

basis.

23.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, plaintiff is also entitled to his reasonable attorney fees and costs.

## FOURTH CLAIM – RETALIATION FOR OPPOSING UNLAWFUL PRACTICE

### Plaintiff against Skyliners and Long

24.

Plaintiff incorporates and re-alleges paragraphs 1 through 23 by this reference. Pursuant to ORS 659A.030(1)(f), it is an unlawful employment practice for any person to discharge, expel or otherwise discriminate against any other person because that other person has opposed any unlawful practice, or because that other person has filed a complaint, testified or assisted in any proceeding under this chapter or has attempted to do so. Skyliners and Long violated these statutes when they retaliated against plaintiff due to his opposition to practices he reasonably and in good faith believed to be in violation of state and federal laws, rules or regulations, and discharged him on that basis.

25.

Pursuant to ORS 659A.885, plaintiff is entitled to equitable relief and economic

Page **11** of **14** – Complaint

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial. Pursuant to that statute, plaintiff is also entitled to his reasonable attorney fees and costs.

## FIFTH CLAIM – WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

26.

Plaintiff incorporates and re-alleges paragraphs 1 through 25 by this reference. Plaintiff was discharged, at least in part, on the basis of his opposition to a forbidden practice, and what he in good faith believed was a violation of Oregon law, rule, or regulation. Plaintiff had a social duty to oppose such practices and was exercising important state rights in doing so. Skyliners discriminated and retaliated against plaintiff based on these activities; ultimately discharging plaintiff, at least in part, upon that basis. Skyliners' actions violated public policy and have caused plaintiff harm. As a result, plaintiff is entitled to damages, in an amount to be determined at trial, and such other equitable relief as the Court may deem appropriate.

WHEREFORE, Plaintiff demands the following for his claims for relief which is more specifically set forth under the various claims:

1. First Claim for Relief – Plaintiff against defendants Skyliners and Long.

   A. Count 1 – Unpaid overtime compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. § 216(b).

   B. Count 2 – Unpaid minimum wage compensation and liquidated damages in an amount to be determined at the time of trial, in addition to reasonable attorney fees and costs pursuant to 29 U.S.C. §216(b).

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

2. Second Claim for Relief – Plaintiff against defendant Skyliners.

   A. Count 1 – Unpaid overtime wages and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 653.055(1), (2) and (4); ORS 652.200; ORS 652.140; and ORS 652.150.

   B. Count 2 – Unpaid minimum wage compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140, and ORS 652.150.

   C. Count 3 – Unpaid minimum wage and overtime compensation, and penalty wages, in an amount to be determined at trial, as well as any equitable relief deemed appropriate by the court, in addition to reasonable attorney fees and costs pursuant to ORS 652.200, ORS 652.140 and ORS 652.150.

3. Third Claim for Relief – Plaintiff against defendants Skyliners and Long.

   A. Equitable relief and economic damages, including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with his reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

4. Fourth Claim for Relief – Plaintiff against defendants Skyliners and Long.

   A. Equitable relief and economic damages including back pay, lost benefits and front pay, in an amount to be determined at trial with interest, along with compensatory and punitive damages, in an amount to be determined at trial, along with his reasonable costs and attorney fees incurred in this matter pursuant to ORS 659A.885.

Law Office of Jon Weiner
1415 Commercial St SE
Salem, OR 97302

5. Fifth Claim for Relief – Plaintiff against defendant Skyliners.

   A. Economic and non-economic damages in an amount to be determined at trial, and such

      other equitable relief as the Court may deem appropriate.


DATED:  this 19th day of October, 2017.


                                        /s/ Kim Davis
                                        Kim Davis, OSB # 162240
                                        Law Office of Jon Weiner
                                        1415 Commercial Street SE
                                        Salem, OR 97302
                                        Tel: (503) 399-7001
                                        Fax: (503) 399-0745
                                        Of Attorneys for Plaintiff