Geoffrey C. Chackel, Esq., OSB# 155727
geoff@chackellaw.com
CHACKEL LAW, PC
63088 NE 18th Street, Suite 195
Bend, Oregon 97701
(541)241-8590
(541)508-7686
Attorney for Defendants

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PENDLETON DIVISION

| | |
|---|---|
| RICHARD BOWE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>SKYLINERS MHP, LLC; and ANDREW LONG, an individual,<br><br>Defendants. | Case No: 2:17-CV-01665-SU<br><br>ANSWER TO THE COMPLAINT, AFFIRMATIVE DEFENSES, PRAYER FOR RELIEF, AND JURY DEMAND OF DEFENDANTS |

      Defendants SKYLINERS MHP, LLC ("Skyliners MHP") and ANDREW LONG ("Long") (collectively, "Defendants") hereby answer the Complaint filed by Richard Bowe ("Plaintiff") as follows:

1.

      With regard to Paragraph 1 of the Complaint, this paragraph sets forth legal conclusions and a summary of legal claims brought by Plaintiff to which no response is required. To the

ANSWER AND AFFIRMATIVE DEFENSES - 1

extent these allegations imply that Defendants violated any of the cited statutes, Defendants deny the allegations in this paragraph in its entirety.

2.

Defendants deny the allegations in Paragraph 2 of the Complaint on the grounds there is no basis to assert subject matter jurisdiction over these Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §§ 207, 216(b) and therefore no basis to assert supplemental jurisdiction over the related state law claims.

3.

With regard to Paragraph 3 of the Complaint, Defendants admit that the events giving rise to the Complaint occurred in Harney County, Oregon, and admit that Skyliners MHP is an Oregon limited liability corporation but deny that Skyliners MHP, LLC's principal place of business is located in Harney County, Oregon. Defendants lack sufficient information or belief to either admit or deny the remaining allegations in Paragraph 3.

4.

Defendants admit that it conducted regular, substantial, and sustained business activity in the State of Oregon, but denies all remaining allegations of Paragraph 4 and specifically denies any employment relationship with the Plaintiff.

5.

Defendant Skyliners MHP admits that it was in the business of operating mobile home parks but denies all remaining allegations contained in Paragraph 5 of the Complaint.

6.

Defendants admit that Andrew Long is the sole owner of Skyliners MHP and that Mr. Long, in his capacity as the owner and manager of Skyliners MHP, is responsible for payroll

ANSWER AND AFFIRMATIVE DEFENSES - 2

policy and practices, scheduling, and all other personnel matters related to Skyliners MHP. Defendants deny all remaining allegations of Paragraph 6 of the Complaint.

7.

Defendants deny the allegations in Paragraph 7 of the Complaint.

8.

Defendant Skyliners MHP lacks sufficient information and belief regarding the allegations contained in paragraph 8 and therefore denies these allegations in their entirety. Defendant Long admits that Plaintiff received $395.00 credit towards rent plus compensation of $800.00 per month and then $600.00 per month. Both Defendants deny that they were Plaintiff's employer, deny that Plaintiff was an "employee" for any purpose and deny all remaining allegations of Paragraph 8.

9.

Defendant Skyliners MHP lacks sufficient information and belief regarding the allegations contained in paragraph 8 and therefore denies these allegations in their entirety. Defendant Long admits that Plaintiff performed maintenance on the premises and that Plaintiff received certain project requests from tenants of the mobile home park but Defendant long denies all remaining allegations in Paragraph 9 of the Complaint including the existence of an employment relationship with Plaintiff.

10.

Defendant Skyliners MHP lacks sufficient information and belief regarding the allegations contained in paragraph 8 and therefore denies these allegations in their entirety. Defendant Long admits a City of Burns official inspected a possible sewage leak on the premises

and admits that he asked Plaintiff to fix the potential leak but denies the remaining allegations of this Paragraph.

## FIRST CLAIM – VIOLATIONS OF FLSA

### Plaintiff Against Skyliners and Long

### (Count 1 – Failure to Pay Overtime Compensation)

11.

Defendants re-allege and incorporate by reference its answer to Paragraphs 1 through 10 of the Answer as it is fully set forth herein. With regard to those portions of Paragraph 11 setting forth legal conclusions, no response is required and to the extent Plaintiff implies that Defendants violated the cited statutes, those allegations are denied. Defendants deny all remaining allegations of Paragraph 11 of the Complaint.

12.

Defendants deny the allegations in Paragraph 12 of the Complaint.

### Plaintiff Against Skyliners and Long

### (Count 2 – Failure to Pay Minimum Wage)

13.

Defendants re-allege and incorporate by reference its answer to Paragraphs 1 through 12 of the Answer as it is fully set forth herein. Defendants deny the remaining allegations of Paragraph 13 of the Complaint.

14.

Defendants deny the allegations of Paragraph 14 of the Complaint.

///

///

///

ANSWER AND AFFIRMATIVE DEFENSES - 4

## SECOND CLAIM – VIOLATIONS OF STATE WAGE AND HOUR LAWS

### Plaintiff Against Skyliners

### (Count 1 – Failure to Pay Overtime Compensation)

15.

Defendant Skyliners MHP re-alleges and incorporates by reference its answer to Paragraphs 1 through 14 of the Answer as it is fully set forth herein. Defendant Skyliners MHP denies the allegations of Paragraph 15 of the Complaint.

16.

Defendant Skyliners MHP denies the allegations of Paragraph 16 of the Complaint.

### Plaintiff Against Skyliners

### (Count 2 – Violation of Minimum Wage Laws)

17.

Defendant Skyliners MHP re-alleges and incorporates by reference its answer to Paragraphs 1 through 16 of the Answer as it is fully set forth herein. Defendant Skyliners MHP denies the allegations of Paragraph 17 of the Complaint.

18.

Defendant Skyliners MHP denies the allegations of Paragraph 18 of the Complaint.

### Plaintiff Against Skyliners

### (Count 3 – Failure to Pay Wages Upon Termination of Employment)

19.

Defendant Skyliners MHP re-alleges and incorporates by reference its answer to Paragraphs 1 through 18 of the Answer as it is fully set forth herein. Defendant Skyliners MHP denies the allegations of Paragraph 19 of the Complaint.

20.

Defendant Skyliners MHP denies the allegations of Paragraph 20 of the Complaint.

21.

Defendant Skyliners MHP denies the allegations of Paragraph 21 of the Complaint.

### THIRD CLAIM – STATE WHISTLEBLOWER RETALIATION

### Plaintiff Against Skyliners and Long

22.

Defendants re-allege and incorporate by reference their answer to Paragraphs 1 through 21 of the Answer as it is fully set forth herein. Defendants deny the allegations of Paragraph 22 of the Complaint.

23.

Defendants deny the allegations of Paragraph 23 of the Complaint.

### FOURTH CLAIM—RETALIATION FOR OPPOSING UNLAWFUL PRACTICE

### Plaintiff Against Skyliners and Long

24.

Defendants re-allege and incorporate by reference their answer to Paragraphs 1 through 23 of the Answer as it is fully set forth herein. Defendants deny the allegations of Paragraph 24 of the Complaint.

25.

Defendants deny the allegations of Paragraph 25 of the Complaint.

### FIFTH CLAIM—WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY

26.

Defendants re-allege and incorporate by reference their answer to Paragraphs 1 through 25 of the Answer as it is fully set forth herein. Defendants deny the allegations of Paragraph 26 of the Complaint.

ANSWER AND AFFIRMATIVE DEFENSES - 6

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

27.

As a first and separate affirmative defense, Defendants allege the Complaint, and each and every cause of action alleged therein, fails to state facts sufficient to constitute any cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

28.

As a second and separate affirmative defense, Defendants allege that Plaintiff was, at all times, an independent contractor and that no employment relationship with the Plaintiff under either The Fair Labor Standards Act, 29 U.S.C. § 8, *et. seq.* ("FLSA"), or Oregon law including O.R.S 652, and 653, *et. seq*. Therefore, the provisions of the FLSA and Oregon law governing employees are not applicable to Plaintiff.

## THIRD AFFIRMATIVE DEFENSE

29.

As a third and separate affirmative defense, Defendants allege they are exempt from the provisions of the FLSA and Oregon law governing minimum wage and overtime compensation as they pertain to Plaintiff.

## FOURTH AFFIRMATIVE DEFENSE

30.

As a fourth and separate affirmative defense, Defendants allege that Plaintiff has not sustained any damage by reason of any act or omission on the part of Defendant.

## FIFTH AFFIRMATIVE DEFENSE

31.

As a fifth and separate affirmative defense, Defendants allege that Plaintiff's claims are barred by his unclean hands.

## SIXTH AFFIRMATIVE DEFENSE

32.

As a sixth and separate affirmative defense, Defendants allege that Plaintiff's damages, if any, were not a result of or caused by any acts or omissions of Defendants, and therefore, Plaintiff is barred from asserting any cause of action against Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

33.

As a seventh and separate affirmative defense, and in the alternative in the event an employment relationship is found to exist, which is expressly denied by both Defendants, Defendants allege that Plaintiff's averred damages must be reduced, in whole or in part, to the extent that Defendants discovered after-acquired evidence of wrongdoing by Plaintiff for which he would have been terminated.

## EIGHTH AFFIRMATIVE DEFENSE

34.

As an eighth and separate affirmative defense, Defendants allege that some or all of the damages asserted in the Complaint are barred, to the extent that Plaintiff has failed to mitigate his damages.

## NINTH AFFIRMATIVE DEFENSE

35.

As a ninth and separate affirmative defense, Defendants allege that Plaintiff's damages must be reduced, in whole or in part, to the extent that Defendants would have taken the same action against Plaintiff for the same reasons absent any alleged discriminatory or retaliatory motive.

///

///

///

///

ANSWER AND AFFIRMATIVE DEFENSES - 8

## TENTH AFFIRMATIVE DEFENSE

36.

As a tenth and separate affirmative defense, Defendants allege that all actions taken with respect to the Plaintiff were lawful, proper, reasonable, appropriate, and were not for any unlawful discriminatory or retaliatory reason.

## ELEVENTH AFFIRMATIVE DEFENSE

37.

As an eleventh and separate affirmative defense, Defendants allege that Plaintiff's claims are barred because Defendants actions were based upon business necessity and/or motivated solely by legitimate, non-discriminatory, and non-retaliatory factors.

## TWELFTH AFFIRMATIVE DEFENSE

38.

As a twelfth and separate affirmative defense, Defendants allege that Plaintiff is not entitled to recover punitive damages because no Defendant, nor any members, agents or representatives acted with malice or have shown a reckless and outrageous indifference to a highly unreasonable risk of harm, and has acted with a conscious indifference to the health, safety, and welfare of others, and because Defendants did not authorize or ratify any such act.

## THIRTEENTH AFFIRMATIVE DEFENSE

39.

As a thirteenth and separate affirmative defense, Defendants allege that Plaintiff's claims are barred in whole or in part, under the doctrines of waiver, estoppel, ratification, and/or unclean hands.

## FOURTEENTH AFFIRMATIVE DEFENSE

40.

As a fourteenth and separate affirmative defense, Defendants allege that Plaintiff did not engage in protected whistleblower opposition activity.

FIFTEENTH AFFIRMATIVE DEFENSE

41.

As a fifteenth and separate affirmative defense, Defendants allege that Plaintiff's claims are barred in whole or in part by the Statute of Limitations contained in 29 U.S.C. § 255, O.R.S. 12.110 (3), O.R.S. 12.130, and O.R.S. 659A.875.

SIXTEENTH AFFIRMATIVE DEFENSE

42.

As a sixteenth and separate affirmative defense, Defendants reserve the right to assert additional affirmative defenses, as appropriate and as future discovery and analysis warrant.

### PRAYER FOR RELIEF

WHEREFORE, Defendants demand the following:

1. That Plaintiff take nothing by virtue of the Complaint and that the Complaint be dismissed in its entirety with prejudice; and

2. That Defendants recover their costs of suit incurred herein as well as attorneys' fees to the extent permitted by law; and

3. That Defendants be awarded such other and further relief as the Court deems just and equitable.

### DEMAND FOR JURY TRIAL

Defendants Skyliners MHP, LLC and Andrew Long hereby demand a jury trial.


DATED this 20TH day of December, 2017.

CHACKEL LAW, PC


/s/ Geoffrey C. Chackel
Geoffrey C. Chackel, Esq., OSB# 155727
Attorney for Defendants


ANSWER AND AFFIRMATIVE DEFENSES - 10

CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of December, 2017, I filed a true and correct copy of the foregoing document with the Clerk of the Court for the United States District Court, District of Oregon, via the CM/ECF system. Participants in this case who are registered CM/ECF users will be served by the CM/ECF system.

                                        CHACKEL LAW, PC

                                        /s/ Geoffrey C. Chackel
                                        Geoffrey C. Chackel, Esq., OSB# 155727
                                        Attorney for Defendants